**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| MARTEZ CARTER | * |
| Plaintiff, | * |
| v. | * |
| | Civil Action No.: _____ |
| MICHAEL HARRISON, *et al.* | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT MAJOR JAMES HANDLEY'S NOTICE OF REMOVAL**

Defendant Major James Handley ("Major Handley"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby provides notice of his intent to remove the civil action, styled as *Martez Carter v. Michael Harrison, et al.* (Case No. 24-C-21-003359 OC; hereafter the "Action"), from the Circuit Court for Baltimore City, to the United States District Court for the District of Maryland. Major Handley further states that he has received consent from the additionally named defendants in the Action, in order to effectuate removal, in accordance with 28 U.S.C. § 1446(b)(2)(A).

**Summary of Grounds For Removal**

1. On or about August 2, 2021, Plaintiff Martez Carter filed the Complaint in the Action, naming four counts against Defendant, Major Handley, including violation of Maryland's Fair Employment Practices Act and Title VII of the Civil Rights Act of 1964.

2. As the United States Code provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, jurisdiction over Plaintiff's claims lie in the United States District Court, supporting removal of the action.

3. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." As such, this Court has the right to exercise jurisdiction over Plaintiff's claims, further supporting removal of the Action.

### Compliance with 28 U.S.C. §§ 1441, 1446

4. Major Handley was served on September 22, 2021. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), which provides, in relevant part, that "removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served on Major Handley, in connection with the Action, are attached hereto as **Exhibit 1**.

6. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Major Handley states that he obtained consent for removal of the Action, prior to filing this *Notice of Removal*.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this *Notice of Removal* is being served on the Plaintiff, through its counsel of record, and filed with the Clerk of the Circuit Court for Baltimore City. A true and correct copy of the *Notice of Filing of Notice of Removal* is attached hereto as **Exhibit 2**.

8. In accordance with Local Rule 103.5(a), within thirty (30) days after the filing of this *Notice of Removal*, Major Handley will file true and legible copies of all other papers, if any,

then on file in the Action, together with a certification from counsel that all filings in the Action have been filed in the United States District Court for the District of Maryland.

9. In accordance with Local Rule 103.5(c), within seven (7) days after the filing of this *Notice of Removal*, Major Handley will file the disclosures required by Local Rule 103.3.

10. Pursuant to 28 U.S.C. §§ 1441, 1446 and the Local Rules of this Court, removal of the Action to this Court is appropriate as the prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

### Jurisdiction—Federal Question

11. This is a civil action over which this Court has jurisdiction, pursuant to 28 U.S.C. § 1331. In Count III of the Complaint, the Plaintiff alleges that Major Handley violated Title VII of the Civil Rights Act of 1964 and he now seeks relief. Primarily, the Plaintiff alleges that, on or about August 2, 2019, Major Handley violated Plaintiff's rights when Major Handley failed to hire Plaintiff for a position with the Baltimore Police Department that Plaintiff alleges he was qualified to receive, but did not, due to Major Handley's alleged racial discrimination against Plaintiff (the "Incident"). *See* Complaint in the Action, ¶¶ 1–32, Count III. The Plaintiff alleges that the Major Handley is liable to him for his damages under Title VII of the Civil Rights Act of 1964.

### Jurisdiction – Supplemental Maryland State Claims

12. This is a civil action over which this Court has jurisdiction, pursuant to 28 U.S.C. § 1367(a). In Counts I–III of the Complaint, the Plaintiff alleges that, as a result of the Incident, Major Handley violated the Plaintiff's rights under Maryland's Fair Employment Practices Act. *See* Complaint in the Action at Counts I–II. This Court's original jurisdiction over the federal claims in the Action, which, too, arose out of the Incident discussed, *supra*, at p. 2, necessarily requires that this Court exercise supplemental jurisdiction over the Maryland State law claims.

3

Such is the case because the Maryland State law claims are "so related to the claims in the action within such original jurisdiction that[, together,] they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

13. Moreover, this Court should not decline to exercise supplemental jurisdiction, as: (1) this claim raises novel and complex issues of *federal* law; (2) the Maryland State law claims do not predominate over the federal claims for which this Court has original jurisdiction; (3) this Court has not dismissed any claims for which it has original jurisdiction; and (4) there are no other, exceptional, or compelling reasons for this Court to decline jurisdiction. *See* 28 U.S.C. §1367(c)(1)–(4).

### Reservation of Rights

14. Major Handley specifically reserves the right to amend or supplement this Notice of Removal.

15. Major Handley also reserves all defenses he may assert against the Plaintiff's claims, including, without limitation, any defect as to venue or jurisdiction.

**WHEREFORE**, pursuant to 28 U.S.C. § 1331 and 1367, this Court has jurisdiction, and, pursuant to 28 U.S.C. § 1441(a), removal, is appropriate.

*[signature on following page]*

4868-6013-9264v1
5035840-101503

Respectfully submitted,

_____/s/_____
Thomas H. Barnard, CPF#: 0712170001
tbarnard@bakerdonelson.com
Stuart R. Goldberg, CPF#: 1812110152
sgoldberg@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
A Professional Corporation
100 Light Street, 19th Floor
Baltimore, Maryland 21202
(410) 685-1120 – Phone
(410) 547-0699 – Fax
*Attorneys for Major James Handley*

4868-6013-9264v1
5035840-101503

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of October, 2021, a copy of *Defendant Major James Handley's Notice of Removal* was served, on all counsel of record, electronically, via this Court's CM/ECF e-filing system, and, via U.S. Mail, first-class, postage pre-paid.

                                                              /s/
                                        Stuart R. Goldberg CPF# 1812110152

4868-6013-9264v1
5035840-101503