THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **MARTEZ CARTER,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.:  1:21-cv-02724-CCB |
| **BALTIMORE POLICE DEPARTMENT,** *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS,
OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants Baltimore Police Department ("BPD") and Police Commissioner Michael Harrison ("Harrison") (collectively, "BPD Defendants"), by undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b) and Rule 56(a), hereby submits this Reply in support of Defendant's Motion to Dismiss or in the Alternative for Summary Judgment.

Plaintiff asks this Court not to dismiss his Second Amended Complaint because he has alleged enough *conclusory* allegations to survive a motion to dismiss and needs discovery in order to state a plausible claim.  This is not the standard at the dispositive motions stage.  Instead, Plaintiff must plead enough facts to survive Defendant's Rule 12 and 56 challenges in order to reach discovery. *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) ("[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] their claims across the line from conceivable to plausible.").  Conclusory allegations, such as those in the Second Amended Complaint, are not "well-plead" and are therefore not entitled to deference by the Court to be

accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Courts "are not bound to accept as true a legal conclusion couched as a factual allegation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff argues there are material facts in dispute. However, in the same breath, Plaintiff also admits Defendants did not introduce any new facts via their Motion to Dismiss. In other words, Plaintiff argues both that there are no new facts other than what is in the Second Amended Complaint and that there is a material dispute of fact. What Plaintiff misses is the reality that he cannot designate a fact as "material" through his own opinion. Nor can he create achieve a material fact by stacking inference upon inference, as he has done here. *Stedman v. Campbell*, No. CV GLR-21-447, 2022 WL 899443, at *3 (D. Md. Mar. 28, 2022) ("nonmovant cannot create a genuine dispute of material fact 'through mere speculation or the building of one inference upon another.'") (quoting *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008)). Plaintiff knows there are no disputes of material fact here. The only dispute is whether Plaintiff is correct in insisting that an employer should be forced to hire a thrice unsuccessful candidate who has been unable to get past that employer's background check and hiring criteria numerous times.

## ARGUMENT

### I. At minimum, Plaintiff's retaliation claim is time-barred.

For the first time in his Opposition – and facing dismissal – Plaintiff has summoned forth emails that allegedly show he timely filed his EEOC Charge. ECF 25-5  These documents were not part of his Complaint, Amended Complaint, or even Second Amended Complaint. ECF 16-1 at ¶ 53. Assuming that these documents were, in fact, sent to the EEOC on May 26, 2020 as alleged, and assuming that the EEOC did in fact receive these documents on that date, they would then be timely. However, Plaintiff would still face another challenge to his suit. Namely, these documents clearly do not make any mention whatsoever about retaliation. ECF 25-5 at 2. EEOC

Form 5A, which Plaintiff points to as his "EEOC Charge" filed on May 26, 2020, lists *only* race and color as the reasons for discrimination. Plaintiff does not check the box for retaliation, nor does he mention retaliation in his written explanation. *Id*. at 2-3. In fact, Plaintiff clearly and unequivocally states "I believe I was denied being hired because of my race." *Id.* at 3. At no point in this EEOC Charge did Plaintiff mention the word retaliation, or indicate in any way that he was bringing such a claim.

As such, Plaintiff's retaliation claims are not properly before this Court because he failed to exhaust his administrative remedies on this cause of action. A Plaintiff's EEOC Charge "defines the scope of her subsequent right to institute a civil suit." *Naves v. Maryland*, No. TJS-18-3974, 2021 WL 765686, at *3 (D. Md. Feb. 26, 2021), quoting *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). The allegations in the Charge of Discrimination "generally operate to limit the scope of any subsequent judicial complaint. Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996) (citation omitted). Courts "are not at liberty to read into administrative charges allegations they do not contain." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013). As noted above, Plaintiff's Charge does not describe any retaliatory conduct, the word "retaliation" never appears in the Charge, the box for Retaliation is not checked, and Plaintiff instead describes only race discrimination. *See* ECF 25-5 at 2. Because Plaintiff includes nothing related to his retaliation claims in his Charge, he cannot include it in his Complaint.

Of course, Plaintiff runs into another problem if he wants the Court to ignore this Charge and instead focus on the other Charge he filed, which *does* check the box for "retaliation". This Charge, dated September 29, 2020, is flawed for other reasons. ECF 18-2. First, Plaintiff again makes no actual mention of retaliation at any time in the Charge. *Id.* Instead, under penalty of perjury, he describes only race-based discrimination and states that he believed he was "discriminated due to my color and race (African American). *Id.* Thus, this Charge does not actually mention, describe, or opine on retaliation, which prevents Plaintiff from including it now in his lawsuit.

Second, and more importantly, this second Charge is clearly time-barred for the reasons fully briefed in Defendants' Motion to Dismiss. 42 U.S.C. § 2000e–5(e)(1); *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004); *Garnes v. Maryland*, RDB-17-1430, 2018 WL 276425, at *4, n.8 (D. Md. Jan. 3, 2018); *Valderrama v. Honeywell Tech. Sols., Inc.*, 473 F. Supp. 2d 658, 662 n.4 (D. Md. 2007), *aff'd*, 267 F, App'x 256 (4th Cir. 2008); *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 661 (D. Md. 2011); *Tangires v. John Hopkins Hosp.*, 79 F. Supp.2d 587, 596 (D. Md. 2000) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)); *Mezu v. Morgan State Univ.*, 264 F.Supp.2d 292, 294 (D. Md. 2003) ("If a charging party fails to comply with this filing requirement, alleged discriminatory acts which occurred more than 300 days prior to the filing of the EEOC charge may not be subsequently challenged in a Title VII suit."); *Van Slyke v. Northrop Grumman Corp.*, 115 F. Supp.2d 587, 592 (D. Md. 2000) ("If a charging party fails to comply with this statutorily mandated filing period, alleged discriminatory acts which occurred more than 300 days prior to the filing of the EEOC charge may not subsequently be challenged in a Title VII suit.").

Plaintiff cannot have it both ways, and his continued insistence on advancing his retaliation claim has no support in law. His retaliation claims fail, regardless of which Charge Plaintiff points the Court to, and they must be dismissed with prejudice and without leave to amend.

### II.     Plaintiff was not qualified for the BPD position.

As evidenced by his Opposition, Plaintiff fundamentally misunderstands how to plead a failure to hire claim under Title VI. That Plaintiff believes he is "eminently qualified" for a position is not relevant in any way. By way of example, undersigned counsel believes he should be hired as General Counsel at Under Armor, and has an extensive resume with over 15 years of federal Labor and Employment work that supports his belief that he is "eminently qualified" for that job. This belief makes not one iota of difference as to whether he would *actually* be qualified for such a job. Plaintiff's Opposition merely repeats, *ad nauseum*, his conclusion that he was qualified for the BPD position simply because he was employed by the school police force. This is irrelevant. Plaintiff fails to allege with any specificity what his actual qualifications are. Simply because he holds the same general job title and has met the minimum qualifications for the position does not automatically render him qualified for this position. Plaintiff notes he had the ability to make arrests, however, he fails to state he ever actually made an arrest. ECF 25-1 at 14. Moreover, BPD officers are responsible for the entire criminal, traffic and City code – unlike the limited scope of Plaintiff's position.

In addition, Plaintiff has changed his version of events multiple times now in an effort to avoid dismissal. In his Second Amended Complaint, he admits he was "banned" in 2017 or 2018 from future employment applications with BPD by Brian Hance, an African-American BPD Major. ECF 16-1 at ¶ 26. The fact that this decisionmaker was of the same protected class as

Plaintiff "'weakens any possible inference of discrimination.'" *James v. Verizon*, 792 F. Supp. 2d 861, 869–70 (D. Md. 2011) (internal citations omitted); *see also Ryan v. McAleenan*, No. CV ELH-19-1968, 2020 WL 1663172, at *19–20 (D. Md. Apr. 3, 2020) (Caucasian Plaintiff brought race-based claim against Defendant employer, but "the fact that [the decision maker] is Caucasian would render it unlikely that he was motivated by such animus."). After reading Defendants' Motion to Dismiss, and realizing this misstep, Plaintiff's Opposition now claims the "parties are in dispute about who within the BPD banned Plaintiff from reapplying or if Plaintiff was actually banned from reapplying to the BPD in the first place." ECF 25-1 at 11. Obviously, Plaintiff cannot unequivocally state one "fact" in his Complaint and then state another in his Opposition to generate a dispute of fact. There is no dispute; Plaintiff was banned from reapplication to BPD, by his own admission. Rather than bring a charge of discrimination or other action at the time he was banned in 2017 or 2018, he waited until he found a Caucasian target he could attempt to malign. Plaintiff was told he could not reapply to BPD. He applied anyway. He then claims that because he was not hired this time, it must be discriminatory. Of course, Plaintiff misses the point.

He was not qualified for employment *because* he was banned. If he believes this prohibition on reapplication was improper or discriminatory, then he should have brought a Charge of Discrimination at that time. He did not do so. The fact that he was unsuccessful previously, and was explicitly informed he could no longer apply, demonstrates that the agency's determination of Plaintiff's qualifications – as opposed to Plaintiff's repeated self-endorsement – carries weight. *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005) (stating that candidates for promotion must compete based on qualifications established by the employer, rather than their own criteria for judging their qualifications); *see also Fomengia v. Montgomery Cty. Dep't of Health & Hum. Servs.*, No. CV DKC 2003-2709, 2006 WL 8457025,

at *6 (D. Md. Sept. 12, 2006) (finding that Plaintiff merely pointing to his own qualifications – offering no evidence to the qualifications of the four individuals hired instead of him, but submitting only his own resume – was "logically insufficient to establish that [Plaintiff] was more qualified than the applicants hired for the … position."); *Sewell v. Westat*, No. RWT 16-CV-0158, 2016 WL 6600533, at *3 (D. Md. Nov. 8, 2016), *aff'd*, 689 F. App'x 211 (4th Cir. 2017) (Plaintiff's conclusory statement that she was qualified for every position for which she applied, "devoid of further support, is insufficient to satisfy the second element and survive a Rule 12(b)(6) motion to dismiss.").

Plaintiff further contorts his position, changing it from Complaint to Opposition to suit his needs. For example, in his Second Amended Complaint, Plaintiff states:

> 128. Defendant Handley and the BPD have offered no reasons for not hiring Plaintiff, and **racial bias and animus are apparent from Handley calling Plaintiff a "liar" and a "nigger" after belittling him and telling him he should apply for jobs in other jurisdictions**, and otherwise telling him without explanation that he was not qualified for a job as a BPD police officer, even though Plaintiff had passed all required tests.

ECF 16-1 at ¶ 128 (emphasis added).

Plaintiff then changes tactics in his Opposition, stating that:

> Handley told Plaintiff to apply to surrounding police agencies in other counties. This statement, although wrapped in Handley's racial animus, shows that Plaintiff was in fact qualified to become a police officer with the BPD, and the only reason he was not afforded such an opportunity is because of Handley's blatant racism…. Indeed, Plaintiff is not basing his qualifications to become a BPD officer on his own beliefs, as Defendants Why would Handley tell Plaintiff to apply to other police department agencies if he were not qualified to be a police officer? The only logical conclusion that can be drawn from such a statement is that Handley did not want to work with Plaintiff because he was African American, even though he was qualified to become a BPD officer.

ECF 25-1 at 14-15.

In so doing, Plaintiff ignores the most obvious and simplest inconsistency in his position; specifically, the "only logical conclusion" to be drawn from this is that Handley was telling Plaintiff to apply elsewhere because *he had been banned from applying to BPD years before*. Rather than accept this simple truth, Plaintiff asks this Court to wholesale accept his belief that he should be hired as a BPD officer on the strength of his feelings alone. This position is not legally sound.

### III. Plaintiff still has not shown that the position he applied for remained open, nor has he shown that the position was filled with an applicant outside his protected class.

Plaintiff concedes he "cannot ascertain whether BPD hired other applicants after Plaintiff was wrongfully denied employment" and "does not know if BPD continued to hire applicants outside of the protected class as such information is not public". ECF 25-1, at 16 and 18. Plaintiff instead petitions this Court to permit him to engage in discovery in order to go back and state a plausible claim for relief. Plaintiff is misguided, as he must first state a plausible claim in order to reach discovery on those claims. It is simply not enough to plead conclusory allegations. *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] their claims across the line from conceivable to plausible.") (emphasis added).

Because this is a necessary element to Plaintiff's failure to hire claim, it must fail. *See Janey v. N. Hess Sons, Inc.*, 268 F. Supp. 2d 616, 625–26 (D. Md. 2003) ("the absence of evidence that the allegedly open position was filled by someone else, particularly someone outside Plaintiff's protected class, undermines Plaintiff's ability to fulfill the fourth element of the *prima facie* case."); *Danial v. Morgan State Univ.*, 426 F. Supp. 3d 135, 145 (D. Md. 2019) (noting that,

although it was a "close question," the court found that the fourth element was satisfied when Plaintiff claimed that "his *particular* position was filled by Dr. James McCalla, an African American man.").

In the instant case, Plaintiff has done nothing to satisfy his burden. He has simply stated that because BPD has a 14% vacancy rate, that his position clearly remained open. Following Plaintiff's logic, any unsuccessful candidate would have a *per se* failure to hire claim if any job openings existed at the employer. This *res ipsa* approach is not appropriate. Plaintiff must do more. For example, in *Jones v. Virginia Polytechnic Inst. & State Univ.*, No. 7:17-CV-531, 2018 WL 4604563, at *7 (W.D. Va. Sept. 25, 2018), the Complaint not only did "'not identify the individuals who actually received the jobs for which [Jones] applied;' it 'merely states, in conclusory fashion, that [plaintiff] was denied several positions for which he was allegedly qualified.'" (internal citations omitted). As the Court explained "'that allegation, standing alone, is insufficient to state a plausible discrimination claim.'" *Id.* (internal citations omitted); *Ruddy v. Bluestream Pro. Serv., LLC*, 444 F. Supp. 3d 697, 708 (E.D. Va. 2020) ("because plaintiff cannot show that her recruiting manager position remained open or that it was filled by a person outside of the protected class, plaintiff cannot establish a genuine issue of material fact as to the fourth prong of the *prima facie* case."); *Derrickson v. Cir. City Stores, Inc.*, 84 F. Supp. 2d 679, 699 (D. Md. 2000) ("additionally, Plaintiff has provided no evidence that the position was eventually filled by a white applicant. Therefore, the court will grant summary judgment on this claim.").

Accordingly, Plaintiff's failure to hire claim should be dismissed with prejudice.

### IV. Plaintiff fails to address both the state law claims and his claims against individual Defendant Harrison.

Plaintiff's Response in Opposition is silent as to two arguments made by Defendants: 1) that his state law claims fail as a matter of law; and 2) that his claims against individual Defendant Harrison are improper. Thus, Plaintiff has abandoned those claims. *See Middleton v. Baltimore City Police Dep't*, No. CV ELH-20-3536, 2022 WL 268765 (D. Md. Jan. 28, 2022) at *23 ("a plaintiff who fails to respond to an argument for dismissal is deemed to have abandoned the claim."); *Mentch v. E. Sav. Bank, FSB*, 949 F. Supp. 1236, 1246-47 (D. Md. 1997) (holding that failure to meaningfully respond to defendant's argument or to offer clarification in response to Defendant's motion constitutes a waiver); *see also Campbell v. Ethicon, Inc.*, No. CV GLR-20-1356, 2021 WL 6126288, at *11 (D. Md. Dec. 28, 2021) (dismissing claim because plaintiff failed to address or otherwise respond to defendant's assertion in dispositive motion). Accordingly, Plaintiff has conceded these issues, and these claims must therefore be dismissed with prejudice, and without leave to amend.

## CONCLUSION

Plaintiff's Opposition does nothing to save his case. He continues to offer nothing more than his own subjective opinion as to why he, and he alone, is a hiring expert. He asks this Court to act as "super personnel" director, and intervene in BPD's hiring process. Notwithstanding the fact that he was unsuccessful numerous previous times in gaining employment with BPD, he now identifies a Caucasian Major who he tries to pin his woes upon. He cannot accept the simple fact that he was not, and is not, qualified to be a Baltimore Police Officer. Because his claims fail, as a matter of law, his case should be dismissed.

WHEREFORE, Defendants respectfully requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint, with prejudice and without leave to further amend.

Respectfully submitted,

_____/s/_____
Justin S. Conroy (28480)
Deputy Chief Legal Counsel

_____/s/_____
Alexa E. Ackerman (19943)
Assistant City Solicitor

Baltimore City Department of Law
Office of Legal Affairs
City Hall, Room 101
100 N. Holliday Street
Baltimore, MD 21202
410-396-2496 (telephone)
410-396-2126 (facsimile)
justin.conroy@baltimorecity.gov
alexa.ackerman@baltimorecity.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29nd day of April, 2022 a copy of the foregoing Defendants' Reply in Support of Motion to Dismiss, or in the Alternative for Summary Judgment were electronically filed in accordance with the Electronic Filing Requirements and Procedures as established by the U.S. District Court for the District of Maryland.

_____/s/_____
Alexa E. Ackerman (19943)

11