**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
Northern Division

| | | |
|---|---|---|
| **MARTEZ CARTER,** | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: 1:21-cv-02724-CCB |
| **BALTIMORE POLICE DEPARTMENT,** *et al.* | * | |
| | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**OFFICER DEFENDANT'S REPLY TO PLAINTIFF MARTEZ CARTER'S OPPOSITION TO OFFICER DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Former Baltimore Police Department ("BPD") Major and Defendant James Handley ("Officer Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits this Officer Defendant's Reply to Plaintiff Martez Carter's ("Plaintiff") Opposition to Officer Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (the "Opposition"), and, in support thereof, state as follows:

I.   THE OPPOSITION IS INEFFECTIVE TO PRECLUDE DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT ON THE GROUNDS OF THE STATUTE OF LIMITATIONS.

BPD Defendants are filing a separate Reply to the Opposition to their Motion to Dismiss Plaintiff's Second Amended Complaint ("BPD Reply"). Officer Defendant hereby incorporates, by reference, those arguments BPD Defendants posit in the BPD Reply, as to Plaintiff's Second Amended Complaint being time-barred, as if fully stated herein.

II.  THE OPPOSITION IS INEFFECTIVE TO PRECLUDE DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT ON THE GROUNDS OF RACE-BASED DISCRIMINATION CLAIMS UNDER TITLE VII.

1

BPD Defendants are filing a separate Reply to the Opposition to their Motion to Dismiss Plaintiff's Second Amended Complaint ("BPD Reply").  Officer Defendant hereby incorporates, by reference, those arguments BPD Defendants posit in the BPD Reply, as to Plaintiff's Second Amended Complaint failing to state a claim as to Title VII violation, as if fully stated herein.

III.  THE OPPOSITION FAILS TO REBUT OFFICER DEFENDANT'S SUPERVISORY ROLE IN THIS CAUSE OF ACTION SUCH THAT THIS COURT MUST RULE OFFICER DEFENDANT'S EXISTENCE IN THIS CAUSE OF ACTION IS IMPROPER.

The "settled law of the Fourth Circuit, beginning with the case of *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir. 1994), has long rejected individual liability under ... federal EEO laws." *Russell v. Russel Motor Cars Inc.*, 28 F. Supp. 3d 414, 419 (D. Md. 2014) (quoting *Moody v. Arc of Howard Cty., Inc.*, No. JKB–09–3228, 2011 WL 2671385, at *4 (D. Md. July 7, 2011).  Simply stated, Plaintiff's Response in Opposition is devoid any argument or opposition to Defendants' arguments that Officer Defendant is an improper defendant in this cause of action. *See Middleton v. Baltimore City Police Dep't*, No. CV ELH-20-3536, 2022 WL 268765 (D. Md. Jan. 28, 2022) at *23 ("a plaintiff who fails to respond to an argument for dismissal is deemed to have abandoned the claim.").  Thus, Plaintiff has abandoned his claims against Officer Defendant. *See Mentch v. E. Sav. Bank, FSB*, 949 F. Supp. 1236, 1246-47 (D. Md. 1997) (holding that failure to meaningfully respond to defendant's argument or to offer clarification in response to Defendant's motion constitutes a waiver); *see also Campbell v. Ethicon, Inc.*, No. CV GLR-20-1356, 2021 WL 6126288, at *11 (D. Md. Dec. 28, 2021) (dismissing claim because plaintiff failed to address or otherwise respond to defendant's assertion in dispositive motion).  Accordingly, Plaintiff has conceded and, thus, those claims against Officer Defendant must be dismissed, with prejudice.

IV.  **EVEN IF THIS COURT DISAGREES THAT OFFICER DEFENDANT IS AN IMPROPER DEFENDANT, PLAINTIFF CONCEDES OFFICER DEFENDANT IS ENTITLED TO IMMUNITY.**

The Opposition conflates public official immunity principles with sovereign immunity principles. *In toto*, the Opposition states:

> Notwithstanding Defendant BPD's waiver of sovereign immunity and to the extent that BPD Defendants concede that Handley was acting within the scope of his employment and that BPD ultimately is liable for his actions, Plaintiff concedes that Defendants Handley and Michael Harrison are afforded common law public official immunity. Because Handley (1) was a public official at the time of Plaintiff's claim; (2) discriminatory, illegal, and tortious conduct, *i.e.,* Handley calling Plaintiff a "fucking nigger", occurred in the course of the actor's performance as Major of Recruitment; and (3) those acts were within the scope of his official duties as Major of Recruitment, then the BPD would be liable for Handley's conduct. *See Houghton v. Forrest*, 412 Md. 578, 585 (2010). If BPD Defendants' alleged that it is not liable for Handley's conduct, Handley could then be sued in his official capacity.

*See* ECF No. 25, p. 23.

Here, Plaintiff is making the argument that, if Officer Defendant's conduct was within the scope of his employment, then BPD cannot utilize sovereign immunity to defend against the cause of action. The fact remains, however, that public official immunity, in this context, concerns the discretionary nature of a decision not to hire a candidate for a position as a basis to preclude liability against Officer Defendant. Plaintiff's argument that a racial epithet was utilized in consideration of a decision not to hire Plaintiff conflates racial discrimination standards with that of sovereign immunity. The two are not coexistent. As Plaintiff concedes Officer Defendant is entitled to public official immunity, Plaintiff's Second Amended Complaint, as to Officer Defendant, must be dismissed.

*[signature on following page]*

      Respectfully submitted,

*/s/Stuart R. Goldberg*
Stuart R. Goldberg, Fed. Bar No. 21236
sgoldberg@bakerdonelson.com
Thomas H. Barnard, Fed. Bar. No. 27488
tbarnard@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, MD 21202
Phone: 410-862-1339
Fax: 410-547-0699

*Attorneys for Officer Defendant James Handley*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of May 2022, a copy of the foregoing Officer Defendant's Reply to Plaintiff Martez Carter's Opposition to Officer Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint was filed with the United States District Court for the District of Maryland, and served on all counsel of record, electronically, via the Court's CM/ECF e-filing system.

                                                        */s/Stuart R. Goldberg*
                                          Stuart R. Goldberg, Fed. Bar No. 21236