UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

MARTEZ CARTER

    *Plaintiff,*

    v.

MICHAEL HARRISON, *et al.,*

    *Defendants.*

Civil No. JRR-21-02724

**MEMORANDUM OPINION**

This matter comes before the court on Defendant James Handley's Motion to Dismiss Plaintiff's Second Amended Complaint and Defendants Baltimore Police Department (hereafter "BPD") and Michael Harrison's Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF 17 and 18, respectively; the motions will be referred to as the "Handley Motion" and the "BPD/Harrison Motion".) No hearing is necessary. Local Rule 105.6 (D. Md. 2021.)

**BACKGROUND**

Plaintiff filed this action against Defendants for various forms of employment discrimination and retaliation under Title VII and related state law. 42 U.S.C. § 2000e; MD. CODE ANN., STATE GOV'T § 20-606. (ECF 1.) Plaintiff, an African American man, applied four times to become a Baltimore City Police Officer with Defendant BPD. Plaintiff was denied each time and was banned from reapplying after the fourth application. (ECF 16.) Plaintiff alleges that the individual responsible for denying his applications and banning him from reapplying was Major James Handley, and that the denials were racially motivated. *Id.* Despite being banned from reapplying, Plaintiff applied again. *Id.* Plaintiff alleges that during a phone call with Major Handley on August 2, 2019, while discussing the status of his application, Major Handley referred

to Plaintiff as a liar and uttered a racial slur. *Id.* Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 26, 2020. Following issuance of a Notice of Right to Sue letter, this action followed.

I. BPD/Harrison Motion

    a. Individual Liability

Defendant Harrison argues that because he is not Plaintiff's employer, he may not be held individually liable for employment discrimination and retaliation. Plaintiff did not respond to this argument. Although Plaintiff has effectively abandoned this claim, the court will briefly address the merits. *Mentch v. E. Sav. Bank, FSB*, 949 F. Supp. 1236, 1246-47 (D. Md. 1997) (holding that failure to oppose a dispositive motion constitutes abandonment of the claim). Neither Title VII nor related state law permits an employee or supervisor to be sued in their individual capacity. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 178-80 (4th Cir. 1998); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("We have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'") The court will grant the BPD/Harrison Motion with respect to Defendant Harrison.

    b. Local Government Tort Claims Act

The Local Government Tort Claims Act ("LGTCA") prohibits a plaintiff from suing a local government or its employees unless the claimant provides notice of the claim within one-year after injury. MD. CODE ANN., CTS. & JUD. PROC. § 5-304.[1] Notice, however, is not required when, "within 1 year after the injury, the defendant local government has actual or constructive notice

---

[1] The LBTCA is applicable to the state law claims in this case, as it applies to constitutional torts. *See Martino v. Bell*, 40 F. Supp. 2d 719, 723–24 (D. Md. 1999) (quoting *Thomas v. City of Annapolis*, 113 Md. App. 440 (1997) (holding that the LGTCA applies to "all torts without distinction, including intentional and constitutional torts.")).

of: (1) the claimant's injury; or (2) the defect or circumstances giving rise to the claimant's injury." *Id.* §5-304(e).

BPD contends the Complaint must be dismissed because Plaintiff failed to conform with the notice requirement. Plaintiff has pled that he filed his administrative charge of discrimination on May 26, 2020, within one-year of his alleged injury of August 2, 2019. Assuming the truth of this allegation, BPD had actual notice in accordance with the LGTCA. The BPD/Harrison Motion will be denied on these grounds.

### c. Sovereign Immunity

The doctrine of sovereign immunity "prohibits suits against the State or its entities absent its consent." *Beka Industries, Inc. v. Worcester County Bd. Of Educ.*, 419 Md. 194, 206 (2011) (quoting *Magnetti v. University of Md.*, 402 Md. 548, 557 (2007)). The LGTCA provides that "a local government shall be liable for any judgment against its employee for damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government." MD. CODE ANN., CTS. & JUD. PROC., § 5-303(b).

BPD argues that sovereign immunity shields it from Plaintiff's claims. Because the LGTCA extends to this case, and BPD received LGTCA-compliant notice, *see supra*, BPD waived its sovereign immunity as to the instant claims. The BPD/Harrison Motion will be denied on these grounds.

### d. Failure to Exhaust Administrative Remedies

BPD contends that Plaintiff failed to exhaust his administrative remedies regarding retaliation because he did not describe any retaliatory conduct, or otherwise mention retaliation, in his administrative charge. Before a plaintiff may sue under Title VII, he is first required to file an administrative charge of discrimination. 42 U.S.C § 2000e-5(f)(1). The scope of a complainant's

entitlement to sue is limited to the "parties identified and practices complained of in the charge of discrimination." *Jones v. Calvert Grp. Ltd.*, 551 F.3d 297 (4th Cir. 2009); *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954 (4th Cir.1996). This requirement serves two important purposes: notice to the charged party and an opportunity for the charged party to comply voluntarily with law without resort to litigation.

The requirement that a plaintiff pursue his retaliation claim administratively as a condition precedent to this court's jurisdiction may be excused where the conduct is "reasonably related to the original complaint, and … developed by reasonable investigation of the original complaint." *Evans,* 80 F.3d at 962–63. The administrative charge is not construed narrowly; rather, it is considered a "jurisdictional springboard to investigate whether the employer is engaged in any discriminatory practices," which may include conduct not listed in the administrative charge. *Equal Employment Op. Com'n v. General Elec. Co*, 532 F.2d 359, 364 (4th Cir. 197) (quoting *Equal Employment Op. Com'n v. Huttig Sash & Door Co.*, 511 F.2d 453, 455 (5th Cir. 1975)). The Court in *Equal Employment Opportunity Commission v. General Electric Company* explains

> If the EEOC uncovers during that investigation facts which support a charge of another discrimination than that in the filed charge, it is neither obliged to cast a blind eye over such discrimination nor to sever those facts and the discrimination so shown from the investigation in process and file a Commissioner's charge thereon, thereby beginning again a repetitive investigation of the same facts already developed in the ongoing investigation. To cast a blanket over such facts in the ongoing proceedings would be a violation of the EEOC's statutory obligation in the area of employment discrimination. To require a new charge based on those facts and to begin again the administrative process thereon, would result in an inexcusable waste of valuable administrative resources and an intolerable delay in the enforcement of rights which require a "timely and effective remedy."

532 F. 2d at 365.  *See also, Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416-17 (4th Cir. 2014) (citing *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992));  and *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 304 (4th Cir. 2009), all of which discuss principles underpinning excusal of technical

exhaustion for claims of retaliation during pendency of the administrative charge and circumstances constituting continuing or ongoing retaliation.

The requirement of administrative exhaustion (as well as the naming requirement) is not designed to operate as a technical "gotcha" – to bar Plaintiff's pursuit of a retaliation claim where it might reasonably have been discovered through the administrative investigation. Assuming the truth of Plaintiff's allegations, the complained-of retaliatory conduct is part of the larger transaction of alleged discriminatory conduct. Plaintiff satisfactorily states a claim for retaliation in the Complaint and will be permitted to pursue discovery to explore the facts uncovered in the administrative investigation.

    e. Discrimination

Plaintiff alleges discriminatory failure to hire under Title VII and Maryland law. The elements of a prima facie claim of discriminatory failure to hire are as follows

> The plaintiff (1) the belonged to a protected class; (2) applied for, and was qualified for, a job for which the employer was seeking applicants; (3) was rejected despite his qualifications; and (4) after his rejection, the position remained open and the employer continued to seek similarly qualified applicants, or filled the position with an applicant outside the protected class.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Danial v. Morgan State Univ.*, 426 F. Supp. 3d 135, 143–44 (D. Md. 2019). BPD argues that Plaintiff has not stated a claim for discriminatory failure to hire, asserting that Plaintiff was not qualified for a position with BPD; that Plaintiff has failed to allege that the position remained open; and that Plaintiff has failed to allege that BPD filled the position with someone outside of the protected class.

The Supreme Court has held that a plaintiff is not required to affirmatively plead all elements of a prima facie case of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case

under *McDonnell* Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.") The requirements of a prima facie case "can vary depending on the context and were 'never intended to be rigid, mechanized, or ritualistic'" *Id.* at 512 (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)). Further, setting forth a prima facie case of discrimination at the pleading stage can present insurmountable difficulty before a plaintiff has an opportunity to engage in discovery. *Id.*

Assuming the truth of Plaintiff's allegations that he was subjected to discriminatory treatment based on his status as an African American, including, but not limited to, the use of a racial slur on a phone call, that he was denied employment with BPD based on his race, and that BPD maintains a vacancy rate, Plaintiff has alleged sufficient facts to state a claim for discriminatory failure to hire. The Motion will be denied on these grounds.

    f. Retaliation

Plaintiff also asserts a claim for retaliation under Title VII and related state law. To state a claim for retaliation, a plaintiff must allege that "(1) he engaged in a protected activity, such as filing a complaint with the EEOC; (2) that [the employer] acted adversely against him; and (3) the protected activity was causally connected to the adverse action" *Okoli v. City of Balt.*, 648 F.3d 216, 223 (4th Cir. 2011). Plaintiff alleges that he engaged in protected activity when he complained about Officer Handley's discriminatory behavior to other BPD Officers, when he filed a grievance with Internal Affairs on August 2, 2019, and when he filed the administrative charge on May 26, 2020. Plaintiff alleges that he was denied employment as a direct result of these protected activities.

Plaintiff's allegations that he engaged in protected activities and that his employment application was thereafter rejected despite his qualifications are adequate to state a claim for retaliation. *Id; Swierkiewicz*, 534 U.S. at 511. The Motion will be denied on these grounds.

II. <u>Handley Motion</u>

Plaintiff may not maintain a Title VII or related state law claim against Defendant Harrison. *See supra,* Section I, Subsection (a). Defendant Handley's Motion will be granted.

**CONCLUSION**

For the reasons set forth herein, Defendants BPD and Michael Harrison's Motion to Dismiss Plaintiff's Second Amended Complaint will be **GRANTED** with respect to Defendant Harrison and **DENIED** with respect to Defendant BPD. Defendant James Handley's Motion to Dismiss Plaintiff's Second Amended Complaint will be **GRANTED.** The court will issue an accompanying order in accordance with this memorandum opinion.

_____/s/_____

 Judge Julie R. Rubin
United States District Court Judge
May 17, 2022